UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA WRIGHT, | No. 2:14-cv-2615 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born January 21, 1965, applied on May 31, 2011 for DIB and SSI, alleging disability beginning October 1, 2010. Administrative Transcript ("AT") 51-52, 129-136. Plaintiff alleged she was unable to work due to depression and pain in the left foot and ankle.

/////

/////

AT 150.  In a decision dated May 8, 2013, the ALJ determined that plaintiff was not disabled.[1]

AT   9-17.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2014.
>
> 2.  The claimant has not engaged in substantial gainful activity since October 1, 2010, the alleged onset date.
>
> 3.  The claimant has the following severe impairments:  calcaneal spur of the left foot, pain, obesity, depression and anxiety.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1]   Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

   The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

>   5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined [in the regulations] except the claimant cannot climb ladders, ropes or scaffolds, can carry out simple instructions, can sustain concentration, persistence and pace for two-hour periods, can complete a full workday and/or work week, can adequately interact with others in the workplace, can adequately manage stress, adjust to work setting and deal with routine changes in a work setting that did not involve frequent changes in routine and/or intense production demands.
>
>   6. The claimant is capable of performing past relevant work as a laundry worker. This work does not require the performance of work-related activities precluded by the claimant's residual function capacity.
>
>   7. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2010, through the date of this decision.

AT 11-17.

ISSUES PRESENTED

Plaintiff argues that the ALJ improperly rejected the opinion of a consultative examining psychologist and that the ALJ should have obtained the testimony of a vocational expert.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

1  conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not
2  affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see
3  also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the
4  administrative findings, or if there is conflicting evidence supporting a finding of either disability
5  or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,
6  1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in
7  weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

### A.  Medical Opinions

Plaintiff contends that the ALJ improperly rejected the opinion of consultative examining psychologist Sid Cormier, Ph.D.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence.  Id. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala , 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes , 881 F.2d at 751.  The opinion of a

1  non-examining professional, without other evidence, is insufficient to reject the opinion of a
2  treating or examining professional.  Lester, 81 F.3d at 831.

3  Dr. Cormier performed a comprehensive mental evaluation on November 18, 2011.  AT
4  244-248.  He assessed plaintiff as moderately to seriously impaired in the ability to perform
5  complex and detailed tasks as well as simple and repetitive tasks; moderately impaired to
6  seriously impaired in the ability to maintain regular attendance and perform work activities on a
7  consistent basis; and moderately impaired to seriously impaired in the ability to complete a
8  normal workday without interruptions resulting from plaintiff's untreated depression and anxiety
9  disorders.  At 247.  Dr. Cormier also found that plaintiff had moderate impairments in other work
10 related functions such as the ability to interact with coworkers and the general public and the
11 ability to deal with typical stresses and mild to moderate impairment regarding both pace and
12 persistence.

13 The ALJ found Dr. Cormier's opinion unpersuasive and instead relied on the opinions of
14 the state agency psychologists, who assessed plaintiff as not significantly limited in most
15 functional areas and only moderately limited in the ability to understand, remember, and carry out
16 detailed instructions, the ability to maintain attention and concentration for extended periods, the
17 ability to complete a normal workday and workweek without interruptions and the ability to
18 respond appropriately in a work setting.  AT 14, 61-66, 75, 264-266, 281.  In rejecting Dr.
19 Cormier's opinion, the ALJ noted that the opinion was based on only one examination and was
20 inconsistent with the record as a whole.  In reviewing the record, the ALJ noted that plaintiff
21 reported that medications were effective in controlling her symptoms.  AT16, 324, 329, 332.  The
22 ALJ, in considering the record as a whole, also observed that plaintiff's activities of daily living
23 were inconsistent with the extreme limitations assessed by Dr. Cormier.  Specifically, the ALJ
24 noted that plaintiff self-reported that she could perform personal care tasks, did not require
25 reminders to take medication, could prepare meals, could clean her home, do laundry, care for her
26 cats, shop for necessities and manage personal finances.  AT 13, 176-180, 246.  The ALJ also
27 noted that plaintiff played cards and board games on a daily basis and visited with others once a
28 week.  AT 13, 181-182.  The factors considered and articulated by the ALJ were also consistent

with the bases upon which the state agency psychologists assessed only mild to moderate limitations. AT 66, 281. The ALJ's decision set forth specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Cormier's opinion. There is no basis for reversal in the ALJ's treatment of the record medical opinions.

B. Vocational Expert

Plaintiff further contends that the ALJ should have obtained the testimony of a vocational expert to determine whether there were jobs in the economy that plaintiff could perform in light of her functional limitations. The ALJ did not utilize the grids in determining plaintiff is not disabled. Rather, the sequential analysis ended at step four because the ALJ found plaintiff could perform her past relevant work. In doing so, the ALJ properly relied on plaintiff's own description of her job duties. AT 16, 166; see Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001); see also SSR 82-61 (past relevant work determined by particular past job or the occupation as generally performed). Having failed to meet her burden to show she cannot perform her past relevant work, the ALJ's determination that plaintiff is not disabled must be upheld. See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (no vocational expert testimony required where plaintiff can perform past relevant work).

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is granted; and

3. Judgment is entered for the Commissioner.

Dated: October 28, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 wright2615.ss